UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHERINE E. WILHELM,

    Plaintiff,

v.                                          CASE No.  8:09-CV-1472-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of

her claims for Social Security disability benefits and supplemental security

income payments.[1]  Because the decision of the Commissioner of Social

Security is supported by substantial evidence and does not contain any

reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-eight years old at the time of the

most recent administrative hearing and who has the equivalent of a high

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 9).

school education and some college (Tr. 572), has worked as a cashier, graphic designer, photopolymer platemaker, and manager (Tr. 134, 144). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on May 15, 2003, due to high blood pressure and female problems (Tr. 133). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found at step one of the sequential analysis that the plaintiff had engaged in substantial gainful activity (Tr. 35). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council reversed the decision of the law judge and remanded the case for further consideration because there was a period of at least twelve months since her onset date during which the claimant did not perform substantial gainful activity (Tr. 39-40).

Upon remand, a different law judge held another hearing. He determined that the plaintiff had not engaged in substantial gainful activity, although she had worked (Tr. 19). The law judge concluded that the plaintiff has severe impairments of "heavy smoker; headaches; history of hypertension;

-2-

depression/anxiety; osteoarthritis of the spine; Meniere's disease; degenerative disc disease, lumbar spine; and Wolff-Parkinson-White (WPW) syndrome (causes occasional chest pains)" (Tr. 20). He determined that these impairments limited the plaintiff to light work with a sit-stand option involving simple 1-2-3 step instructions (Tr. 21-22). The law judge also concluded that the plaintiff could occasionally stoop and climb stairs but not ropes, ladders, or scaffolds, and that she was not capable of squatting, kneeling, or crawling (id.). The law judge found that these impairments prevented the plaintiff from performing past relevant work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge concluded that light-work jobs exist in significant numbers in the national economy that the plaintiff could perform, such as small products assembler, merchandise marker, and produce inspector (Tr. 26). The law judge determined further that the plaintiff is able to perform the sedentary occupations of surveillance systems monitor, medical supply assembler, and telephone clerk (Tr. 26-27). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

-4-

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11ᵗʰ Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5ᵗʰ Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5ᵗʰ Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11ᵗʰ Cir. 1988).

-5-

III.

A scheduling Order was entered in this case directing the plaintiff to file a memorandum of law by December 7, 2010 (Doc. 8). The Order expressly stated that "[t]he plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged," and that "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (id., p. 2).

The plaintiff, who was represented by an attorney throughout the administrative proceedings but is now appearing pro se, has submitted a two-page letter (Doc. 10), which was considered her memorandum in opposition to the administrative decision (Doc. 11). That letter, at most, raises one challenge to the pertinent administrative decision.[2]

The plaintiff complains that the law judge inaccurately characterized the medication prescribed by emergency room doctors when she

---

[2]The letter also complains about the first decision and the law judge who issued it. Since that decision was vacated by the Appeals Council (Tr. 39), the plaintiff's complaints about that decision are moot.

-6-

went to the hospital on February 18, 2005, for lower back pain. The law judge

stated (Tr. 24):

> On February 18, 2005, the claimant presented to the
> emergency room at University Community Hospital
> for chief complaint of low back pain. On physical
> examination, the claimant's gait was normal; motor
> exam was normal; and sensory exam was normal.
> The claimant was instructed to use over-the-counter
> Aleve and remain off work for two days, then return
> to work. (Exhibit 16F).

The plaintiff insists that the emergency room doctors actually prescribed

"Vicodin for pain, Diovan for hypertension and Flexeril, a muscle relaxer. Not

Aleve" (Doc. 10, p. 1). However, the record reflects that, while she was

provided those prescriptions in limited amounts, she was also instructed to

"use OTC Aleve" (Tr. 428).

The law judge's failure to mention the prescription medication is

not reversible error, if error at all. The diagnosis was "Acute Exacerbation of

Lower Back Pain" (Tr. 425). The plaintiff reported to the emergency room

doctors that her severe lower back pain began one week prior (Tr. 423). The

emergency room doctors released her from the hospital after four hours and

indicated that she could return to work in two days (Tr. 426). In fact, the

plaintiff continued to work at various jobs throughout 2005, approximately twenty-eight to thirty-five hours per week (Tr. 19-20).

Under these circumstances, it is reasonable and understandable that the law judge's focus would be on the instruction to take over-the-counter Aleve, and not the medications prescribed for the short-term period of exacerbation. Since a finding of disability requires a showing of an impairment that exists for at least twelve months, what is significant is not the medication prescribed for the acute period, but rather the medication recommended for the extended period. Further, since the law judge did not consider the limited prescription of Vicodin (and other medications) important to his determination, that medical information falls within the principle that the law judge need not refer in his decision to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

It is appropriate to add that the law judge evaluated the plaintiff's back condition and found that she had severe impairments of osteoarthritis of the spine and degenerative disc disease of the lumbar spine (Tr. 20). He explained, however, that these impairments, in combination with other impairments, did not render the plaintiff totally disabled, but did restrict her

-8-

to work that had a sit/stand option (Tr. 21-22). The plaintiff has not challenged that determination. In light of the scheduling Order, any such challenge is deemed abandoned. In this respect, it is noted that the plaintiff filed a six-page single-space request for review with the Appeals Council (Tr. 535-40). That document demonstrates that she is capable of asserting objections to the administrative decision. Accordingly, review is properly limited to the one challenge that has been asserted in this court.

Nevertheless, I have reviewed the entire administrative transcript. Moreover, in light of that review, I have examined the law judge's decision for error. I have reviewed literally hundreds of Social Security cases. Consequently, I am very familiar with the issues raised in these cases, and with the areas of potential error by a law judge. Upon my review, I discerned no error.[3]

It is, therefore, upon consideration

ORDERED:

---

[3]It is noted that in a subsequent letter the plaintiff complains about the timing of the filing of the Commissioner's memorandum (Doc. 13). The scheduling Order required the Commissioner to file his memorandum sixty days after the filing of the plaintiff's memorandum (Doc. 8). The plaintiff's letter (which does not appear to have been served on the Commissioner) was filed on December 7, 2009 (Doc. 10). The Commissioner's memorandum was filed on February 5, 2010, which is the sixtieth day after the plaintiff's letter was filed. Accordingly, the Commissioner's memorandum was timely.

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 2nd day of August, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE